# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**GOODRX, INC.**                                                                **PLAINTIFF**

**VS.**                              **CASE NO. 4:25-cv-132-JM**

**THE BERT AND ANNETTE MULLENS**
**FOUNDATION**                                                        **DEFENDANT**

## ORDER

GoodRx, Inc. filed this action against The Bert and Annette Mullens Foundation seeking to compel arbitration of a dispute that arose in state court. Pending is The Foundation's motion to dismiss. (Doc. No. 17). In short, GoodRx wants the Court to allow limited discovery on whether a valid arbitration agreement exists while The Foundation argues that even if there were an agreement to arbitrate, which it disputes, GoodRx has waived any right to arbitration by its actions in state court. The Court agrees with The Foundation.

Pope County Circuit Court

The parties' dispute began in the Pope County Circuit Court,[1] where it continues today. The Foundation challenges the discount prescription cards offered by GoodRx to consumers. Arkansas law requires businesses to meet certain disclosure requirements in order "to sell or otherwise distribute any card which is not insurance that purports to offer discounts from healthcare providers." Ark. Code Ann. § 4-106-201. The statute allows for private enforcement in the form of injunctive relief and damages. Ark. Code Ann. § 4-106-202. The Foundation, who alleged it has never used the GoodRx discounts and is not bound by any terms or conditions associated with the cards, filed suit in Pope County under the private enforcement provision

---

[1] *The Bert and Annette Mullens Foundation v. GoodRx, Inc., et al*, Case No. 58CV-24-317.

seeking statutory damages. The Foundation alleged that GoodRx violated the statute by failing to put certain disclosures in bold type and sought statutory damages.

GoodRx responded by filing a motion to dismiss on July 29, 2024. The motion challenged the Foundation's standing, the applicability of the statute to certain cards, and the constitutionality of the statute.[2] GoodRx also argued that it had substantially complied with the statute. On September 10, 2024, GoodRx moved to stay discovery until its motion to dismiss was decided. The motion to stay did not mention arbitration. On September 13, 2024, GoodRx provided responses to The Foundation's first set of requests for admissions. In those responses, GoodRx admitted that the Foundation has never entered into an agreement "of any type" with GoodRx. On October 24, 2024, GoodRx responded to The Foundation's motion to compel. A hearing on GoodRx's motion to dismiss was held on November 8, 2025.

On December 2, 2024, Circuit Judge Ken Coker, Jr. denied GoodRx's motion to dismiss in its entirety. Eight days later, GoodRx filed its answer and raised, for the first time, the arbitration provision in the discount card's terms of use as an affirmative defense. In support of this defense, GoodRx stated:

> Plaintiff purports to bring its claims on behalf of the public, many of which have accessed GoodRx's website or mobile application, registered for, or used GoodRx cards and are thus subject to the Terms of Use [available at its website]. Those terms of use prohibit representative actions . . . In addition, the terms of use require arbitration of claims. Because these individuals would not be able to bring claims in their own right, Plaintiff lacks standing to bring claims on their behalf . . .  As Plaintiff has not disclaimed accessing GoodRx's website or mobile application, Plaintiff may too be subject to the Terms of Use. GoodRx expressly reserves all rights to enforce its Terms of Use, including once Plaintiff provides discovery in this action.

(Answer filed December 10, 2025 in Case No. 58CV-24-317). There is a status hearing currently

---

[2] GoodRx served notice of its constitutional challenge on the Arkansas Attorney General pursuant to Ark. Code Ann. § 16-11-111(a).

2

set for May 1, 2026 before Judge Coker.

Federal Court

GoodRx filed its complaint in federal court on February 13, 2025. (Doc. 1). Two claims remain.[3] Count I is a motion to compel The Foundation to arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C.A. § 4.  The motion alleges that GoodRx and The Foundation are parties to a written arbitration agreement. The only written agreement attached to the complaint is the GoodRx Terms of Use,[4] which GoodRx alleges a consumer must agree to before accessing the GoodRx discounts. GoodRx alleges that the screenshots included in The Foundation's state court complaint could only have been obtained if The Foundation or its agent agreed to the terms of use. In Count II, GoodRx claims that the state court action violates the arbitration agreement as it is brought in a representative capacity and the GoodRx terms of use require consumers to individually arbitrate disputes with GoodRx. This, GoodRx claims, is a violation of 9 U.S.C.A. § 2.

The Foundation responded to the motion to compel in Count I of the complaint, arguing response that there was a lack of evidence of an agreement to arbitrate and that GoodRx had waived any right to arbitration as a result of its actions in state court. (Doc. 10). The Foundation also filed the pending motion to dismiss Count II. In its motion to dismiss it argued that § 2 of the FAA does not provide for a private right of action. And it again raised the defense of waiver of the right to arbitrate. (Doc. 17). GoodRx filed a consolidated reply to both (Doc. 23), to which

---

[3] Counts III and IV brought constitutional challenges to Ark. Code Ann. § 4-106-202 against Attorney General Timothy Griffin, but those challenges were voluntarily dismissed by GoodRx on January 5, 2026. [3] (Doc. 30). The notice of voluntary dismissal references a consent judgment entered by the Circuit Court of Faulkner County on September 25, 2025 (*State of Arkansas vs. GoodRx, Inc.*, Case No. 23CV-25-2082) in which GoodRx agreed not to assert constitutional challenges to the statute.

[4] Doc. 1, Exhibit A, pp.27-60.

The Foundation replied. (Doc. 24). The Foundation subsequently filed a notice of additional case law attaching the opinion of *Minnesota Teamsters Service Bureau v. GoodRx, Inc.*, No. 27-CV-24-9554, 2025 WL 3094106 (Minn. Dist.Ct. Aug. 14, 2025). (Doc. 26).

Discussion

The issue of waiver determines both GoodRx's motion to compel arbitration (Count I) and the Foundation's motion to dismiss Count II. "Waiver ... 'is the intentional relinquishment or abandonment of a known right.'" *Lackie Drug Store, Inc. v. OptumRx, Inc.*, 143 F.4th 985, 993 (8th Cir. 2025) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) (citation omitted). Courts use a two-part test to determine whether a party has waived its right to arbitration. The test is whether the party (1) knew of its existing right and (2) acted inconsistently with it. *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024) (cleaned up).

As for the first part, the Court is convinced that to the extent GoodRx now claims a right to arbitration based on its discount cards' terms of use, it knew of this purported right when it was served with The Foundation's state-court complaint. GoodRx both possessed and drafted the terms of use it now relies on. *See In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024). The Court is unpersuaded by GoodRx's argument that The Foundation concealed evidence of arbitrability by redacting the names and identifying information on the screen shots of the cards in the complaint.

Likewise, the Court finds that GoodRx acted inconsistently with its claimed right to arbitration. "A party acts inconsistently with its right to arbitrate if the party '[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right.'" *Parker v. Kearney Sch. Dist.,* 130 F.4th 649, 655 (8th Cir. 2025) (citation omitted). GoodRx moved to dismiss the Foundation's claims in state court, hoping for a complete victory on the merits and a declaration

that Ark. Code Ann. § 4-106-201 and -202 were unconstitutional. It served the Arkansas Attorney General with notice of its challenge to the constitutionality of the state, and the Attorney General moved to intervene in the state court action. After asking for and being given an extension of time to respond to discovery from The Foundation, it then applied to the state court for a stay of discovery pending the outcome of its motion to dismiss. It responded to The Foundation's first set of requests for admission, admitting that The Foundation "has never entered into an agreement of any type with GoodRx." (Doc. 11-6, RFA No. 7). It fought hard against The Foundation's right to obtain discovery, filing a response to the Foundation's motion to compel. Through all of this it did not mention the right to arbitrate. Not until its motion to dismiss was denied in its entirety, after a hearing, did GoodRx raise the right to arbitration as an affirmative defense.

"To safeguard its right to arbitration, a party must "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007) (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 391 (7th Cir.1995)). *See also Lackie Drug Store, Inc. v. OptumRx, Inc.*, 143 F.4th 985, 994 (8th Cir. 2025). The actions of GoodRx in state court fell far short of what was required to preserve any right it to arbitration it now claims.

Conclusion

GoodRx has waived its right to arbitrate the dispute currently on hold in the Circuit Court of Pope County. Therefore, GoodRx's motion to compel arbitration found in Count I of its complaint is denied, and The Foundation's motion to dismiss as to Count II (Doc.17) is GRANTED. A separate judgment will be entered.

5

IT IS SO ORDERED this 31st day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE