IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GOODRX, INC.                                                                              PLAINTIFF

VS.                                    CASE NO. 4:25-cv-132-JM

THE BERT AND ANNETTE MULLENS
FOUNDATION                                                                          DEFENDANT

## ORDER

Pending is a motion for attorney's fees filed by The Bert and Annette Mullens Foundation. (Doc. No. 36). GoodRx responded (Doc. No. 40), and The Foundation filed a reply (Doc. No. 43).  The Foundation also filed a motion for costs (Doc. No. 35), to which GoodRx did not respond. For the reasons stated below, the motion for attorney's fees is denied, and the motion for costs is granted.

Motion for Attorney's Fees

On March 31, 2026 the Court entered an order denying GoodRx's motion to compel arbitration. (Doc. No. 33). The Court found that even if GoodRx had a right to compel the Foundation to arbitration (which the Court did not determine), it had waived that right by its actions in the state court proceeding between the parties. The Foundation filed the pending motion for attorney's fees pursuant to Ark. Code Ann. § 16-22-308.[1] It takes the position that GoodRx's motion to compel arbitration was a suit for specific performance of a contract, citing cases in which attorney's fees were awarded pursuant to Ark. Code Ann. § 16-22-308 in specific performance cases. (Doc. No. 37, p. 4).

---

[1] This statute provides: "In any civil action to recover  . . . for breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." Ark. Code Ann. § 16-22-308.

In response, GoodRx argues that it did not bring a substantive breach of contract action but rather filed a procedural motion to determine which forum should resolve the underlying dispute. Absent a claim for relief on the merits of a contract action, GoodRx argues that The Foundation did not prevail on the merits as is required for the discretionary award of attorney's fees pursuant to Ark. Code Ann. § 16-22-308.

The Court agrees with GoodRx on this issue. Under the long-standing American Rule, "[i]t is well-settled that attorney's fees may not be recovered by a prevailing party in the absence of statutory authority." *Am. Fed'n of Musicians, Loc. 2-197, AFL-CIO v. St. Louis Symphony Soc.*, 203 F.3d 1079, 1081 (8th Cir. 2000) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975)).  The Foundation relies on Ark. Code Ann. § 16-22-308 as the sole statutory basis for its request to shift the fee burden. While this statute permits a court to award attorney fees to the prevailing party in an action to recover on a breach of contract, this was not an action to recover for a breach of contract. *See Northport Health Servs. of Arkansas, LLC v. Posey*, No. 2:17-CV-02128, 2019 WL 5596414 (W.D. Ark. Oct. 30, 2019). As GoodRx points out, The Foundation does not present any case in which attorneys' fees were awarded, pursuant to the Arkansas statute or otherwise, to a party that defeated a motion to compel arbitration. (Doc. No 40, p. 4).

The only issue presented to the Court was whether there was an agreement to arbitrate and, if there was an agreement, whether the right to compel arbitration had been waived. GoodRx was not seeking to recover on a breach of contract claim.[2]. While the Court based its decision on GoodRx's waiver of any possible right to arbitration, the fact is there was no evidence presented that supported GoodRx's argument that the parties had an agreement to

---

[2] Nor is the Foundation's state court action a breach of contract claim—the relief it seeks in state court is for statutory damages as provided in Ark. Code Ann. § 4-106-202(a)

arbitrate. On this record, The Foundation is not entitled to an award of attorney's fees pursuant to Ark. Code Ann. § 16-22-308.

### Motion for Costs

"A prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Revs. Cinemas, LLC*, 501 F.3d 945, 957–58 (8th Cir. 2007) (quoting *In re Derailment Cases,* 417 F.3d 840, 844 (8th Cir.2005)). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must "suggest a rationale under which the district court's actions constitute an abuse of discretion." *Id.* (quoting *Janis v. Biesheuvel,* 428 F.3d 795, 801 (8th Cir.2005)). In the absence of a response by GoodRx suggesting a rational to overcome the presumption in favor of awarding costs, The Foundation's motion is granted.

### Conclusion

The Foundation's motion for attorney's fees (Doc. No. 36) is DENIED; and The Foundation's motion for costs (Doc. No. 35) is GRANTED. The Foundation is awarded a judgment for costs in the amount of $156.40.

IT IS SO ORDERED this 13th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE